UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                      :

CELESTE SPICER, AUTUMN BURGESS, AMY   :
LEDIN, JOSEPH RUSSO, ESTHER MARTINEZ,   :
LYSETTE ROMAN, and SERENA SIYING HUI, on   :
behalf of themselves and others similarly situated,   :
                                        :

              Plaintiffs,        :

                                        :     08 Civ. 10240 (LBS)

           - v. -            :

                                        :     ECF Case

PIER SIXTY, LLC and JAMES KIRSCH,         :

                                        :

             Defendants.      :

                                        :
------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO CERTIFY JULY 26, 2010 ORDER FOR INTERLOCUTORY APPEAL

FRIED, FRANK, HARRIS, SHRIVER &
  JACOBSON, LLP
Douglas H. Flaum, Esq.
Lisa H. Bebchick, Esq.
One New York Plaza
New York, New York 10004
Phone: (212) 859-8000

FOX ROTHSCHILD LLP
Carolyn D. Richmond, Esq.
Seth M. Kaplan, Esq.
100 Park Avenue, Suite 1500
New York, New York 10017
Phone: (212) 878-7900

*Counsel for Defendants*
* Pier Sixty, LLC and James Kirsch*

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ......................................................................................................... 1

ARGUMENT .................................................................................................................5

    I.   THIS COURT SHOULD CERTIFY ITS JULY 26, 2010 ORDER, HOLDING
        THAT *WORLD YACHT* APPLIES RETROACTIVELY, FOR IMMEDIATE,
        INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) ............................5

        A.   The Court's July 26 Order Involves a Controlling Question of Law ........................6

        B.   Substantial Grounds for Difference of Opinion Exist as to Whether
              *World Yacht* Should Be Applied Retroactively ..........................................................8

        C.   Definitive Guidance on Whether *World Yacht* Should Apply
              Retroactively Would Hasten the Resolution of This Case and
              Countless Others .................................................................................................14

    II.  BY UTILIZING SECTION 1292(b), THIS COURT CAN FACILITATE
        EFFICIENT REVIEW AND RESOLUTION OF THIS IMPORTANT ISSUE
        OF STATE LAW BY THE NEW YORK COURT OF APPEALS ................................16

CONCLUSION..............................................................................................................18

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Alderman v. 21 Club Inc.*,
    No. 09-CIV-2418 (S.D.N.Y. Apr. 3, 2009) ............................................................................2

*Avondale Indus., Inc. v. Travelers Indem. Co.*,
    697 F. Supp. 1314 (S.D.N.Y. 1988).................................................................................16 n.4

*Bynog v. Cipriani Group, Inc.*, 748 N.Y.S.2d 9 (N.Y. App. Div., 1st Dep't 2002) ............. *passim*

*Chowdhury v. Cosmic Group LLC d/b/a Compass Rest.*,
    No. 10-CIV-5725 (S.D.N.Y. Jul. 28, 2010) ........................................................................2

*Chung v. New Silver Palace Rest.*,
    246 F. Supp. 2d 220 (S.D.N.Y. 2002)..........................................................................12, 14

*Consub Delaware LLC v. Schahin Engenharia Limitada*,
    476 F. Supp. 2d 305 (S.D.N.Y. 2007)...................................................................................14

*German v. Fed. Home Loan Mortgage Corp.*, No. 93-CIV-6941,
    2000 U.S. Dist. LEXIS 10057 (S.D.N.Y. July 19, 2000) .....................................................7, 8

*Gilliam v. Starjem Rest. Corp. d/b/a Fresco by Scotto*,
    No. 10-CIV-6065 (S.D.N.Y. Aug. 12, 2010).........................................................................2

*Gurnee v. Aetna Life & Cas. Co.*,
    55 N.Y.2d 184 (1982) .........................................................................................................13

*In re Lloyd's Am. Trust Fund Litig.*, No. 96-CIV-1262,
    1997 U.S. Dist. LEXIS 11937 (S.D.N.Y. Aug. 9, 1997)..............................................6, 7, 8, 9

*In re Oxford Health Plans, Inc.*,
    182 F.R.D. 51 (S.D.N.Y. 1998) ...........................................................................................15

*In re Trace Int'l Holdings, Inc.*, No. 04-CIV-1295,
    2009 U.S. Dist. LEXIS 97395 (S.D.N.Y. Oct. 20, 2009) ........................................................9

*Klinghoffer v. S.N.C. Achille Lauro*,
    921 F.2d 21 (2d Cir. 1990)................................................................................................7, 8

*Lu v. Jing Fong Rest., Inc.*,
    503 F. Supp. 2d 706 (S.D.N.Y. 2007)...........................................................................11, 14

*Mullins v. City of New York*, No. 04-CIV-2979,
    2008 U.S. Dist. LEXIS 2206 (S.D.N.Y. Jan. 9, 2008) ......................................................6, 15

# TABLE OF AUTHORITIES (CONT.)

Page(s)

<u>CASES</u>

*O'Mara v. Town of Wappinger*,
485 F.3d 693 (2d Cir. 2007)........................................................................16 n.4

*People v. Favor*,
82 N.Y.2d 254 (1993) ....................................................................................12

*Policano v. Herbert*,
7 N.Y.3d 588 (2006) ......................................................................................16

*Ramirez v. Mansions Catering, Inc.*, No. 602381-08,
2010 N.Y. App. Div. LEXIS 4758  (N.Y. App. Div., 1st Dep't June 8, 2010) ........4, 5, 14 n.2

*Reilly v. Richmond County Country Club*,
No. 2009-10098 (N.Y. App. Div., 2d Dep't. 2010)....................................5, 14 n.2

*Rep. of Colombia v. Diageo N. Am. Inc.*,
619 F. Supp. 2d 7 (E.D.N.Y. 2007) ............................................................9, 14

*Samiento v. World Yacht*,
10 N.Y.3d 70 (2008) .................................................................... *passim*

*Sweet v. Sheahan*,
235 F.3d 80 (2d Cir. 2000)...............................................................................7

*Telectronics Proprietary, Ltd. v. Medtronic, Inc.*,
690 F. Supp. 170 (S.D.N.Y 1987)....................................................................6

*Weinberg v. D-M Rest. Corp.*,
53 N.Y.2d 499 (1981) ....................................................................................12

*Wisdom v. Intrepid Sea-Air Space Museum*,
993 F.2d 5 (2d Cir. 1993) .................................................................................7

*Zakrzewska v. New School*,
13 N.Y.3d 793 (2009) ......................................................................................4

*Zakrzewska v. New School*,
14 N.Y.3d 469 (2010) ................................................................................17, 18

*Zakrzewska v. New School*,
574 F.3d 24 (2d Cir. 2009)..........................................................................4, 17

*Zakrzewska v. New School*,
598 F. Supp. 2d 426 (S.D.N.Y. 2009)........................................................ *passim*

## TABLE OF AUTHORITIES (CONT.)

Page(s)

### STATUTES AND RULES

28 U.S.C. § 1292(b) ................................................................................ *passim*

29 U.S.C. § 203(m) .........................................................................................12

29 U.S.C. § 203(t) ...........................................................................................12

Civil Rights Act of 1964, tit. VII, 42 U.S.C. § 2000e ...................................17

29 C.F.R. § 531.55(a)......................................................................................12

N.Y. Ct. App. R. 500.27(a) ............................................................................16

N.Y. LABOR LAW § 196-d ........................................................................ *passim*

N.Y. PENAL LAW § 125.25(1) .........................................................................16

N.Y. PENAL LAW § 125.25(2) .........................................................................16

### OTHER AUTHORITIES

Kirk A. Pasich & Keith A. Markel, *Insurance Coverage for Wage-Hour Claims*,
  N.Y.L.J., Mar. 29, 2010 ................................................................................1

Defendants Pier Sixty, LLC and James Kirsch (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion for an order permitting them to take an immediate, interlocutory appeal pursuant to 28 U.S.C. § 1292(b) to the United States Court of Appeals for the Second Circuit from this Court's July 26, 2010 Memorandum and Order (the "July 26 Order") for the purpose of ultimately certifying an important question of New York state law to the New York Court of Appeals; namely, whether the New York Court of Appeals' decision in *Samiento v. World Yacht*, 10 N.Y.3d 70 (2008), should be applied retroactively to this case and the many other cases like it currently pending or expected to be filed in this Circuit.

## **INTRODUCTION**

On February 14, 2008, the New York Court of Appeals in *World Yacht* held that pursuant to N.Y. LABOR LAW § 196-d, a mandatory service charge may now be considered a gratuity that must be paid in its entirety to the service staff if a "reasonable patron" would understand that the service charge "purported to be a gratuity" under Section 196-d.  10 N.Y.3d at 79.  Following this decision, the federal court dockets have been flooded with a new wave of litigation against restaurant, catering, and banquet businesses.  These newly-filed suits seek the retroactive recovery, going back six years, of service charges that employers for over fifteen years have been told by both state and federal courts and the New York State Department of Labor ("NYDOL") – the agency charged with interpreting and enforcing the statute – are not gratuities required to be distributed to their employees.

As this Court is undoubtedly aware, "New York, in particular, has become a hotbed of wage-hour-related class action litigation, with multiple actions being filed against employers on a daily basis."  Kirk A. Pasich & Keith A. Markel, *Insurance Coverage for Wage-Hour Claims*, N.Y.L.J., Mar. 29, 2010 at 9.  Since *World Yacht* was decided in 2008, counsel for Plaintiffs has filed at least sixteen class action lawsuits that include Section 196-d claims for unpaid service

charges, including two in the last month alone.  *See* Declaration of Douglas H. Flaum, dated August 23, 2010, at ¶ 3 (hereinafter, "Flaum Decl."); *Gilliam v. Starjem Rest. Corp. d/b/a Fresco by Scotto*, No. 10-CIV-6065 (S.D.N.Y. Aug. 12, 2010); *Chowdhury v. Cosmic Group LLC d/b/a Compass Rest.*, No. 10-CIV-5725 (S.D.N.Y. Jul. 28, 2010).  Thirteen of those cases were filed in this District.  Flaum Decl. ¶ 3.  Just selecting two other plaintiffs' law firms reveals an additional fourteen Section 196-d lawsuits brought in this District since *World Yacht* was decided seeking to recover unpaid service charges.  *Id.* at ¶ 4.  Some of New York's most well-known restaurant, catering, and banquet businesses have been named defendants in these suits, such as, for example, the '21' Club and Fresco by Scotto.  *See Gilliam v. Starjem Rest. Corp. d/b/a Fresco by Scotto*, No. 10-CIV-6065 (S.D.N.Y. Aug. 12, 2010); *Alderman v. 21 Club Inc.*, No. 09-CIV-2418 (S.D.N.Y. Apr. 3, 2009).

This surge in federal court filings is, while unfortunate, not surprising.  As will be explained in greater detail below, the combination of the *World Yacht* opinion changing the law concerning "service charges" and the New York Court of Appeals' silence about whether its decision should be applied retroactively has created an environment that is both uncertain (which fosters litigation) and unjust (which cries out for prompt resolution).  Quite simply, the situation in which Defendants (and the thousands of other mostly "mom and pop" restaurant, catering, and banquet business owners) find themselves is the following:  for over fifteen years they sought out and relied upon NYDOL opinion letters (and the numerous court opinions that consistently applied the law based on those NYDOL opinion letters) directing them on how to apply and describe service charges; they then followed that law; and now they find themselves – after the *World Yacht* decision – to be repeatedly accused of, and sued for, breaking the law for acting in accord with what the courts and the NYDOL told them to do.  This untenable *post hoc*

application of a new legal standard will be disastrous (as well as fundamentally unfair) for Defendants and potentially fatal for thousands of restaurant, catering, and banquet business owners and will jeopardize the jobs of tens of thousands of restaurant, catering, and banquet workers.  This situation cries out for prompt clarification and resolution.

Presciently, on June 15, 2010, at oral argument on Defendants' motion for summary judgment, this Court implicitly recognized that the issue of whether *World Yacht* should be applied retroactively is a significant and time-sensitive one, and posed the following query: "whether there was some way we can get this case to the Court of Appeals promptly with a suggestion that they refer the issue of retroactivity to the state Court of Appeals."  6/15/10 Transcript at 21:22-25–22:1, Flaum Decl., Exh. A.  The answer to this Court's inquiry is yes: this Court can certify the July 26 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) with a request that the Second Circuit accept certification for the purpose of, in turn, certifying the question of whether *World Yacht* should be applied retroactively to the New York Court of Appeals for ultimate determination.

In fact, Judge Kaplan recently utilized Section 1292(b) in just this way.  In an order for summary judgment, Judge Kaplan *sua sponte* certified an interlocutory appeal pursuant to Section 1292(b) expressly contemplating that the Second Circuit, in turn, "may see fit to certify this state law question to the New York Court of Appeals."  *See Zakrzewska v. New School*, 598 F. Supp. 2d 426, 437 n.63 (S.D.N.Y. 2009) (Kaplan, J.), attached hereto as Exhibit 1.  Following entry of the summary judgment order in that case, defendants were required to promptly – within 10 days – petition the Second Circuit for permission to appeal the district court's order.  *See* 28 U.S.C. § 1292(b) ("The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if

application is made to it within ten days after the entry of the order . . . .").  The Second Circuit accepted certification and certified the question to the New York Court of Appeals within approximately six months.  *See Zakrzewska v. New School*, 574 F.3d 24, 28 (2d Cir. 2009), attached hereto as Exhibit 2.  The New York Court of Appeals, in turn, accepted the certified question less than two months later.  *See Zakrzewska v. New School*, 13 N.Y.3d 793 (2009), attached hereto as Exhibit 3.

Because all three of the Section 1292(b) requirements are met here, this Court can and should grant interlocutory appeal for the purpose of ultimately certifying the retroactivity question to the New York Court of Appeals.  First, a "controlling question of law" exists, because reversal of the July 26 Order regarding retroactivity would significantly affect the course of the litigation by disposing of the vast majority of Plaintiffs' Section 196-d claims, if not resolving the action entirely.  Second, there is "substantial ground for difference of opinion," because the issue of whether *World Yacht* should be applied retroactively raises a difficult question of first impression that the New York Court of Appeals should be afforded the opportunity to resolve.  Third, an immediate appeal would "materially advance the ultimate termination of the litigation" by eliminating substantially all of the primary claim in this action, thereby reducing the time, expense, and burden of discovery relating to damages, and significantly narrowing the issues, evidence, and testimony for trial.  Finally, resolving the discrete question of whether *World Yacht* should be applied retroactively, even in the event that the July 26 Order is affirmed, would hasten the resolution of the many other similar cases pending in this Circuit.

In the July 26 Order, the Court relied upon the only case that has decided the issue of whether *World Yacht* should be applied retroactively, *Ramirez v. Mansions Catering, Inc.*,

No. 602381-08, 2010 N.Y. App. Div. LEXIS 4758 (N.Y. App. Div., 1st Dep't June 8, 2010) (hereinafter, "*Mansions Catering*").  *See* 7/26/10 Order at 6-7.  The First Department in that case answered the question affirmatively.  *See Ramirez,* 2010 N.Y. App. Div. LEXIS 4758, at \*3-\*4 (rejecting defendants' principal argument on appeal that the New York Court of Appeals' holding in *World Yacht* should not be applied retroactively to plaintiffs' class or individual claims).  However, following oral argument in this case, on July 8, 2010, the defendants in *Mansions Catering* filed a motion for leave to appeal the First Department's decision on the retroactive application of *World Yacht* to the New York Court of Appeals, which motion is currently pending.  *See* Flaum Decl., Exh. B.  Additionally, this same important issue is presently being litigated in a case pending in the Second Department.  *See Reilly v. Richmond County Country Club*, No. 2009-10098 (N.Y. App. Div., 2d Dep't. 2010).

That the defendants in these cases are pursuing appellate review of the issue of the retroactivity of *World Yacht* underscores how critical of an issue this is for the entire New York hospitality industry, including catering and banquet facilities, restaurants, and hotels, and their employees.  This Court should, just as Judge Kaplan did in *Zakrzewska*, utilize Section 1292(b) in an effort to have the New York Court of Appeals weigh in on whether its own decision in *World Yacht* should be applied retroactively.

## ARGUMENT

### I.   THIS COURT SHOULD CERTIFY ITS JULY 26, 2010 ORDER, HOLDING THAT *WORLD YACHT* APPLIES RETROACTIVELY, FOR IMMEDIATE, INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Certification of interlocutory appeals is governed by 28 U.S.C. § 1292(b), which authorizes a district court to certify an interlocutory order for appeal if it "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ."  28 U.S.C. § 1292(b).  In determining whether to exercise their discretion, district courts have placed "particular weight" on the last factor, namely, whether an immediate appeal will "materially advance the ultimate termination of the litigation." *Mullins v. City of New York*, No. 04-CIV-2979, 2008 U.S. Dist. LEXIS 2206, at *2 (S.D.N.Y. Jan. 9, 2008) (granting interlocutory appeal pursuant to Section 1292(b) where "decision on the interlocutory appeal in [that] matter will materially advance the termination of [that] case and obviate the need for protracted and expensive litigation . . . .") (citations omitted).

Defendants fully recognize that interlocutory appeals pursuant to Section 1292(b) are "an exception to the general policy against piecemeal appellate review embodied in the final judgment rule," and that certification "is only warranted in 'exceptional cases,' where early appellate review 'might avoid protracted and expensive litigation.'" *In re Lloyd's Am. Trust Fund Litig.*, No. 96-CIV-1262, 1997 U.S. Dist. LEXIS 11937, at *8 (S.D.N.Y. Aug. 9, 1997) (granting interlocutory appeal pursuant to Section 1292(b)) (quoting *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 172 (S.D.N.Y 1987)).  Not only are all three requirements for certification pursuant to Section 1292(b) satisfied here, but this case is also one of such exceptional cases.  Early and expeditious resolution of this important and discrete issue of state law by the New York Court of Appeals is warranted, especially since the issue of whether *World Yacht* should be applied retroactively has wide-reaching ramifications, not only for Defendants in this case, but also for a large number of similarly-situated defendants in this Circuit.

## A.    The Court's July 26 Order Involves a Controlling Question of Law

A "controlling question of law" exists if "reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action," or "the

certified issue has precedential value for a large number of cases." *In re Lloyd's*, 1997 U.S. Dist. LEXIS 11937, at *10-*11 (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)) (other citations omitted).  A "controlling question of law" also exists where "reversal of the district court's opinion could result in dismissal of the action."  *Id.* (citing *Klinghoffer*, 921 F.2d at 24).  While only one of these factors is required for a finding that a "controlling question of law" exists, each of them is present here.

Certification is warranted because reversal of the July 26 Order could significantly affect the conduct of the action, even if it does not dispose of it entirely.  *See In re Lloyd's*, 1997 U.S. Dist. LEXIS 11937, at *11 ("controlling question of law exists if . . . reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action"); *see also Klinghoffer*, 921 F.2d at 24 ("resolution of an issue need not necessarily terminate an action in order to be 'controlling'") (citations omitted).  Questions of retroactivity certainly fall into this category.  *See, e.g., Sweet v. Sheahan*, 235 F.3d 80, 89 (2d Cir. 2000) (question of retroactive application of statute dispositive of some claims but not others on appeal certified pursuant to Section 1292(b)); *Wisdom v. Intrepid Sea-Air Space Museum*, 993 F.2d 5, 6 (2d Cir. 1993) (question of retroactive application of provision of Civil Rights Act of 1991 dispositive of certain remedies but not others in case on appeal certified pursuant to Section 1292(b)).  Here, reversal of the July 26 Order on the issue of whether *World Yacht* should be applied retroactively would significantly affect the course of this litigation because Plaintiffs' state law claims arising before February 14, 2008 would be dismissed.

The question of whether *World Yacht* should be applied retroactively also has far-reaching implications for the many cases already pending in this Circuit and those cases likely to be forthcoming.  *See German v. Fed. Home Loan Mortgage Corp.*, No. 93-CIV-6941, 2000 U.S.

Dist. LEXIS 10057, at *5 (S.D.N.Y. July 19, 2000) (granting interlocutory appeal where "the Circuit's ruling would significantly affect a large number of cases as well as the conduct of the present action") (citation omitted).  The six-year statute of limitations applicable to Section 196-d claims ensures that the many pending (and soon-to-be filed) lawsuits will bring the issue of whether *World Yacht* should be applied retroactively before the courts in this Circuit absent direction from the New York Court of Appeals on this important and discrete issue of state law. This issue has broad ramifications not only for the restaurant, catering, and banquet industry employers but also for their employees who may face potentially catastrophic job loss as a result of the financial impact that retroactive application of *World Yacht* will have on the industry as a whole.  Clarification of this important state law question will expedite the many wage-and-hour cases pending in this Circuit.

Finally, reversal of the Court's July 26 Order potentially could terminate this action in its entirety, because the Court of Appeals is not limited in its review to the question certified.  *See In re Lloyd's*, 1997 U.S. Dist. LEXIS 11937, at *10 ("When a district court certifies an order for appeal, the Court of Appeals is not limited to review of the particular question framed by the district court, but may review any questions raised in the order.").  This alone, without more, satisfies the "controlling question of law" requirement.  *See Klinghoffer*, 921 F.2d at 24 ("If we reverse the district court's order and dismiss the actions . . ., those actions would be terminated, and thus our resolution of the issues involved in the certified order would be 'controlling' in that sense.").

### B.    Substantial Grounds for Difference of Opinion Exist as to Whether *World Yacht* Should Be Applied Retroactively

A substantial ground for difference of opinion exists where "the issue is particularly difficult" and of first impression for the court charged with ruling definitively on the issue.  *In re*

*Lloyd's*, 1997 U.S. Dist. LEXIS 11937, at *11 ("The requirement that there be substantial ground for difference of opinion as to the legal issue presented for certification may be satisfied when . . . the issue is particularly difficult and of first impression for the Second Circuit.") (citations omitted).   While, as a technical matter, this is an issue of first impression for the Second Circuit and thus this element should be satisfied, this enunciation of the test is typically applied to cases involving questions of federal law that have not yet been decided by the Second Circuit.   *See, e.g., In re Trace Int'l Holdings, Inc.*, No. 04-CIV-1295, 2009 U.S. Dist. LEXIS 97395, at *10 (S.D.N.Y. Oct. 20, 2009) (finding "certification appropriate given the difficult issue of apparent first impression [for the Second Circuit] in this bankruptcy appeal"); *see also Rep. of Colombia v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 11 (E.D.N.Y. 2007) (granting interlocutory appeal and finding "substantial grounds for disagreement" due to, among other things, "[t]he novelty and complexity" of issues raising "questions of first impression" for the Second Circuit).   The same inquiry should apply here where, in certifying the interlocutory appeal, this Court would be asking the Second Circuit to, in turn, ask the New York Court of Appeals to rule on an issue of first impression for that Court, namely the issue of whether retroactive application of the holding in *World Yacht* is the correct result under New York law. *See Zakrzewska*, 598 F. Supp. 2d at 437 n.63 (certifying interlocutory appeal, so that "[t]he Circuit in turn may see fit to certify this state law question to the New York Court of Appeals"). This is not only a difficult issue, but also one of tremendous importance.

The issue of whether *World Yacht* should be applied retroactively is a difficult question of state law that should be answered by the New York Court of Appeals via certification of the issue from the Second Circuit.   Prior to the Court of Appeals' decision in *World Yacht* on February 14, 2008, the body of authority upon which Defendants (and other catering and banquet

employers throughout New York) relied in good faith, overwhelmingly, plainly, and repeatedly stated that mandatory service charges were not gratuities for purposes of Section 196-d and thus did not have to be distributed in full to service staff.

On June 1, 1995, the Director of Labor Standards for the NYDOL, the agency charged with interpreting and enforcing the New York Labor Law, issued a statewide memorandum (the "June 1995 Memorandum"), which provided that "*[e]ffective immediately, service charges will not be considered gratuities*," and, therefore, "[a] service charge is not required to be distributed to employees."  Flaum Decl., Exh. C (emphasis added).  On August 11, 1999, the NYDOL issued another letter (the "August 1999 Letter") in response to a request for an opinion concerning Section 196-d, which confirmed that "the Division *still* follows" the guidelines announced in its June 1995 Memorandum.  Flaum Decl., Exh. D (emphasis added).  Thereafter, the NYDOL repeatedly endorsed the June 1995 Memorandum for years:

- On March 24, 2000, the NYDOL enclosed a copy of the June 1995 Memorandum along with an opinion letter, stating:  "On June 1, 1995, the Department issued the enclosed guidelines . . ., pursuant to which a charge denominated *a 'service charge' will not be considered a 'charge purported to be a gratuity*[.]'"  Flaum Decl., Exh. E (emphasis added).

- On March 12, 2001, the NYDOL again enclosed the June 1995 Memorandum along with an opinion letter, stating: "[I]f the service charge is imposed in connection with a banquet or other special function, it is *exempted from the application of the statute and need not be distributed to employees*, pursuant to the enclosed June 1, 1995 memorandum[.]"  Flaum Decl., Exh. F (emphasis added).

- On September 25, 2001, the NYDOL issued an opinion letter, stating:  "If the service charge is added . . . in connection with a banquet or other special function, it is *exempt from the statute's application*."  Flaum Decl., Exh. G (emphasis added).

- On November 8, 2004, the NYDOL again enclosed the June 1995 Memorandum along with an opinion letter, describing such enclosure as follows:  "a copy of a June 1, 1995 memorandum . . . which *sets forth the Division's present policy, [and] states that a service charge is not considered a gratuity*[.]"  Flaum Decl., Exh. H (emphasis added).

- On February 22, 2006, the NYDOL again issued an opinion letter, stating: "*neither the Tax Law, the federal or State Labor Laws, the regulations promulgated thereunder, the case law interpreting them, nor the [June 1995] memo contain any requirement that any restaurant withholding part of a service charge from its employees 'notify the banquet customer of that fact, thus ensuring transparency and accountability*.'"   Flaum Decl., Exh. I (emphasis added).

- On May 19, 2006, the NYDOL issued another opinion letter, which similarly stated that "*[n]either the FLSA, the regulations promulgated thereunder, the New York State Labor Law, the case law interpreting it, nor the New York State Tax Law considers service charges to be gratuities*."   Flaum Decl., Exh. J (emphasis added).

- On August 2, 2006, the NYDOL issued yet another opinion letter, stating: "Under both State and Federal law, *'service charges' are not gratuities* and are not required to be distributed to employees."   Flaum Decl., Exh. K (emphasis added).

- On October 26, 2007 – *only three-and-one-half months before World Yacht was decided* – the NYDOL faxed the June 1995 Memorandum to counsel for the New York State Restaurant Association, New York City Chapter ("NYSRA") for the purpose of distributing it to members of the NYSRA, who were attending a November 1, 2007 training program presented jointly by the NYDOL and the NYSRA.  *See* Flaum Decl., Exh. L.

Thus, throughout the period at issue, the NYDOL repeatedly advised employers that, as set forth in the June 1995 Memorandum, mandatory service charges were not gratuities.[1]

Case law decided before *World Yacht* also made clear that mandatory service charges were not "gratuities" within the meaning of Section 196-d.  *See Lu v. Jing Fong Rest., Inc.*, 503 F. Supp. 2d 706, 710 (S.D.N.Y. 2007) (rejecting plaintiffs' argument that banquet fee qualifies as a "charge purported to be a gratuity," and stating that "*this is not an open question under New*

---

[1]    This Court in its July 26 Order stated in a footnote that "the NYDOL apparently changed its position" from that set forth in the 1995 Memorandum, citing a March 26, 1999 opinion letter issued by the NYDOL (the "March 1999 Letter"), which was cited to by the New York Court of Appeals in *World Yacht* in enunciating its "reasonable patron" standard.  7/26/10 Order at 9 n.4.  The March 1999 Letter stated that "[i]f the employer's agents lead the patron who purchases a banquet or other special function to believe that the contract price includes a fixed percentage as a gratuity, then that percentage of the contract price must be paid in its entirety" to the banquet staff. Flaum Decl., Exh. M.  However, in light of the stream of NYDOL letters that followed thereafter, including the August 1999 Letter, which explicitly stated that the Department of Labor "still follows" the June 1995 Memorandum, the March 1999 Letter appears to be an outlier, rather than a change in position.

*York law*") (emphasis added); *Bynog v. Cipriani Group, Inc.*, 748 N.Y.S.2d 9, 11 (N.Y. App. Div., 1st Dep't 2002), *aff'd as modified*, 1 N.Y.3d 193 (2003) (a service charge "need not be distributed to the waiters pursuant to Labor Law § 196-d, notwithstanding that the customer might believe that the charge is meant to be so distributed"); *see also Chung v. New Silver Palace Rest.*, 246 F. Supp. 2d 220, 229 (S.D.N.Y. 2002) (Section 196-d "excludes from its reach fixed service charges for banquets or other special events"); *see also Weinberg v. D-M Rest. Corp.*, 53 N.Y.2d 499, 507 (1981) ("[T]he test generally is whether the payment is a service charge exacted by the employer or a voluntary payment by the patron to the employee," because "[a] tip is in law, if not always in fact, a voluntary payment.") (citation and internal quotations omitted).  Additionally, federal regulations promulgated under the FLSA, 29 U.S.C. § 203(m) and (t) (defining "wages" and "tipped employees"), also mandate that "[a] compulsory charge for service . . . imposed on a customer by an employer's establishment, is not a tip. . . ."  29 C.F.R. § 531.55(a); *see also Bynog*, 748 N.Y.S.2d at 11 ("We note federal regulations issued in conjunction with the [FLSA] to the effect that a service charge . . . is not a tip.").  The plethora of case law from this Circuit and the New York state courts, combined with the NYDOL's repeated and consistent pronouncements, amply demonstrates that the "reasonable patron" standard announced by the New York Court of Appeals for the first time in *World Yacht* should not be applied retroactively because it was a "new rule" that was not "clearly foreshadowed."

A new rule may be created where, for example, "a judicial holding overrul[es] established precedent" or "where a court's recent holding represented a dramatic shift away from customary and established procedure."  *People v. Favor*, 82 N.Y.2d 254, 263 (1993) (citations and internal quotations omitted).  "A 'new rule' need not necessarily be applied retroactively."  7/26/10 Order at 6 (quoting *Favor*, 82 N.Y.2d at 264).  By contrast, no new rule is created by

"judicial construction of a statute," *Gurnee v. Aetna Life & Cas. Co.*, 55 N.Y.2d 184, 192 (1982), or where a decision "settles a question in a manner that was clearly foreshadowed," *Favor*, 82 N.Y.2d at 263.

In its July 26 Order this Court relied upon, among other things, the holding in *Gurnee*, namely, that "'[a] judicial decision construing the words of a statute [for the first time] does not constitute the creation of a new legal principle,'" when it concluded that *World Yacht* did not create a new rule, and thus should be applied retroactively. 7/26/10 Order at 7-9 (citing *Gurnee*, 55 N.Y.2d at 192). In *Gurnee*, however, there were *no prior judicial decisions* on the issue in question to inform the parties' conduct. *See Gurnee*, 55 N.Y.2d at 190. It was in that context that the Court in *Gurnee* concluded that its interpretation of the statute at issue did not constitute a "new rule" of decisional law. *Id.* at 194. Unlike *Gurnee*, in this case, a number of pre-*World Yacht* cases (as well as numerous NYDOL opinions) had consistently applied a rule contrary to the one announced in *World Yacht*. Substantial grounds for difference of opinion therefore exist on whether *World Yacht* was a "new rule" under *Gurnee*.

Furthermore, it is wholly inequitable to conclude that the rule announced in *World Yacht* was foreshadowed – let alone "clearly" foreshadowed – to employers like the Defendants based upon *dicta*, relegated to a footnote in the New York Court of Appeals' *Bynog* opinion. In *Bynog* – issued five years before *World Yacht* – the Court of Appeals reserved judgment on the limited issue of whether the plaintiffs in that case would be entitled to a share of the service charge under Section 196-d *if they were deemed employees*. The footnote simply did not deal with the issues presented here relating to the newly-created "reasonable patron" standard. Indeed, three years after the New York Court of Appeals reserved judgment in *Bynog*, the NYDOL issued separate opinion letters on February 22, 2006, May 19, 2006, and August 2,

2006, all citing with approval the First Department's decision in *Bynog*, and stating, for example, that in *Bynog*, "the First Department held, and the Court of Appeals, New York's highest court, ***confirmed***, that a service charge 'is not in the nature of a voluntary gratuity presented by a customer in recognition of the waiter's service, and therefore need not be distributed to the waiters pursuant to Labor Law § 196-d, *notwithstanding that the customer might believe the charge is meant to be so distributed*.'"   8/2/06 NYDOL Ltr., Flaum Decl., Exh. K (quoting *Bynog*, 748 N.Y.S.2d at 11) (emphasis added); 2/22/06 NYDOL Ltr., Flaum Decl., Exh. I (same); 5/19/06 NYDOL Ltr., Flaum Decl., Exh. J (same).   Similarly, courts in this District and the NYDOL continued to hold that mandatory services charges were not gratuities within the meaning of Section 196-d after the New York Court of Appeals decided *Bynog*.   *See, e.g., Lu*, 503 F. Supp. 2d at 710; *see also Chung*, 246 F. Supp. 2d at 229.[2]   Thus, *Bynog* in no way "clearly foreshadowed" the contrary rule announced five years later in *World Yacht*.

### C.   Definitive Guidance on Whether *World Yacht* Should Apply Retroactively Would Hasten the Resolution of This Case and Countless Others

Certification of the question presented for appeal here would "materially advance the ultimate termination of the litigation."   28 U.S.C. § 1292(b); *see Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 313-14 (S.D.N.Y. 2007) (stating that "an immediate appeal here would advance the ultimate termination of the litigation because if [defendant] prevails on appeal, . . . [it] will result in the termination of this litigation"); *Diageo N. Am. Inc.*, 619 F. Supp. 2d at 11 ("If Defendants were to prevail on even one of these defenses,

---

[2]       The retroactive application of *World Yacht* also gives rise to a difficult *Erie* question because the New York Court of Appeals has not heard or decided the issue and trial court decisions involving this important and increasingly litigated issue are only now beginning to reach the state appellate courts.  Thus far, *Mansions Catering* is the only appellate decision to have addressed the issue of whether *World Yacht* should apply retroactively and an appeal from the First Department decision is currently being pursued.  *See* Flaum Decl., Exh. B.  The retroactive application of *World Yacht* is also being litigated in a case pending in the Second Department.  *See Reilly v. Richmond County Country Club*, No. 2009-10098 (N.Y. App. Div., 2d Dep't. 2010).

the action would be dismissed in whole or in part, thus eliminating or significantly reducing the costs of discovery.").  No matter how the New York Court of Appeals answers the question of whether the holding in *World Yacht* should apply retroactively, the resolution of this case would be furthered.  If the Court of Appeals answered in the negative (thus reversing the July 26 Order), then the bulk of Plaintiffs' Section 196-d claim would be dismissed; if the Court of Appeals answered affirmatively, the issue would be resolved definitively for Defendants in this case and litigants in the many other pending cases.

Moreover, resolution of the issue of whether *World Yacht* should be applied retroactively has the potential to narrow the issues for trial, as Plaintiff's Section 196-d claim would be limited to catering and banquet events during a much shorter time period.  This would significantly reduce the parties' expenses and the burden on this Court by shortening the amount of time required to conduct a trial.  *See Mullins*, 2008 U.S. Dist. LEXIS 2206, at *2-*3 ("'An immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or to *shorten the time required for trial*.'") (quoting *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998)) (emphasis added).  Certification of the question presented for appeal here would thus promote judicial efficiency and "materially advance the ultimate termination of the litigation."[3]

In light of the foregoing, because all three of the Section 1292(b) requirements are met here, this Court should exercise its discretion to grant interlocutory appeal for the purpose of ultimately certifying the discrete issue of whether *World Yacht* should be applied retroactively to the New York Court of Appeals.

---

[3]         Should the Court grant the Motion for Reconsideration filed on August 20, 2010, then the issues related to the remaining contract at issue ("Form Contract 3") would be eliminated.  Resolution of the retroactivity issue in Defendants' favor, therefore, would effectively terminate the case.

-15-

## II.    BY UTILIZING SECTION 1292(b), THIS COURT CAN FACILITATE EFFICIENT REVIEW AND RESOLUTION OF THIS IMPORTANT ISSUE OF STATE LAW BY THE NEW YORK COURT OF APPEALS

It is well within this Court's discretion to certify an appeal pursuant Section 1292(b) for the stated purpose of asking the Second Circuit to, in turn, certify the question of state law issue to the New York Court of Appeals.[4]   A question is certifiable to the New York Court of Appeals if it is a "determinative question[] of New York law . . . for which no controlling precedent of the Court of Appeals exists[.]"   N.Y. Ct. App. R. 500.27(a).  Questions relating to retroactive application of decisional law fall within the category of legal questions that may be certified to the New York Court of Appeals, and, indeed, they have been.  *See, e.g.*, *Policano v. Herbert*, 7 N.Y.3d 588, 603 (2006) (applying prospectively only a decision interpreting N.Y. PENAL LAW § 125.25(1) and (2) on certified question from the Second Circuit).  Certification to the New York Court of Appeals is particularly appropriate here, because:  (i) New York's highest court has never decided whether its decision in *World Yacht* should be applied retroactively; and (ii) this issue may be determinative of, or at least significantly affect, the outcome in this action and many other wage-and-hour cases pending and likely to-be-filed in this Circuit and in state courts throughout New York.

As referenced above, Judge Kaplan recently utilized Section 1292(b) to facilitate efficient review and resolution of an important and discrete issue of New York state law in *Zakrzewska*.

---

[4]         In determining whether certification is warranted, the Second Circuit considers:  "(1) the absence of authoritative state court decisions; (2) the importance of the issue to the state; and (3) the capacity of certification to resolve the litigation."   *O'Mara v. Town of Wappinger*, 485 F.3d 693, 698 (2d Cir. 2007).  It is well within the Second Circuit's discretion to certify the question of whether *World Yacht* should be applied retroactively to the New York Court of Appeals.  First, no binding precedent answers the retroactivity question presented here. *See Avondale Indus., Inc. v. Travelers Indem. Co.*, 697 F. Supp. 1314, 1320-1321 (S.D.N.Y. 1988) ("Decisions rendered by lower state courts are not controlling on federal courts construing state law when, as here, the state's highest court has not ruled on the issue.") (citation omitted).  Second, retroactive application of *World Yacht* has important consequences for large numbers of New York restaurant, catering, and banquet businesses and their employees.  Lastly, if the Court of Appeals answers the certified question in the negative, the majority of Plaintiffs' Section 196-d claim will fall.

*See* 598 F. Supp. 2d at 437.  The defendant employers in that case sought to utilize an affirmative defense available in Title VII of the Civil Rights Act of 1964 cases when they moved for summary judgment on certain of plaintiffs' state law sexual harassment and discrimination claims.  *Id.* at 431-32.  Judge Kaplan denied the employer's motion for summary judgment, holding that the Title VII affirmative defense did not apply, while noting however that the decision was "not free from doubt."  *Id.* at 437.[5]

In deciding *sua sponte* to certify his summary judgment order for interlocutory appeal to decide whether the affirmative defense to employer liability applied to state law claims, Judge Kaplan not only asked the Second Circuit whether the defense applied to state law claims but also expressly stated that the Second Circuit "in turn may see fit to certify this state law question to the New York Court of Appeals."  *Id.* at 437 n.63.  In doing so, Judge Kaplan observed that "[e]mployment discrimination cases make up substantial portions of the dockets of the district courts in our Circuit," and that "[t]he apparent tendency to press claims under the state and city anti-discrimination laws, either in lieu of or in addition to claims under federal statutes, creates a genuine need for resolution of the vicarious liability standards applicable to employers under those statutes."  *Zakrzewska*, 598 F. Supp. 2d at 437.  The Second Circuit thereafter did precisely as Judge Kaplan suggested and accepted the interlocutory appeal for the purpose of certifying the question to the New York Court of Appeals.  *See Zakrzewska*, 574 F.3d at 28.  The New York Court of Appeals then accepted and answered the certified question, concluding that the affirmative defense did not apply to New York state law claims.  *See Zakrzewska v. New School*,

---

[5]     In a significant number of cases, the Second Circuit, federal district courts, and New York state courts had all "applied, or assumed the applicability of" the affirmative defense to New York state law claims.  *Id.* at 434.  However, subsequently, in an "unreported and therefore non-precedential summary order," which was decided on procedural grounds, the Second Circuit expressed "uncertainty concerning the applicability of [the affirmative defense] in cases based on state and local law."  *Id.*  Therefore, Judge Kaplan concluded that the affirmative defense's applicability to New York state law claims "may be regarded as an open question in this Circuit."  *Id.* at 435.

14 N.Y.3d 469, 481 (2010), attached hereto as Exhibit 4.

The same appellate process can and should be utilized here to determine whether *World Yacht* should apply retroactively, especially in light of the fact that wage-and-hour cases post-*World Yacht* are now figuring so prominently on dockets in this District and throughout the state.

## **CONCLUSION**

For the reasons stated above, Defendants Pier Sixty, LLC and James Kirsch respectfully request that the Court certify its July 26 Order for immediate appellate review pursuant to 28 U.S.C. § 1292(b) to permit the United States Court of Appeals for the Second Circuit to exercise jurisdiction under Section 1292(b) and certify this important state law question to the New York Court of Appeals.

Dated: New York, New York
           August 23, 2010

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, LLP

By:  _____/s/ Douglas H. Flaum_____
         Douglas H. Flaum
         Lisa H. Bebchick
         One New York Plaza
         New York, New York 10004
         Telephone:  (212) 859-8000
         Facsimile:  (212) 859-4000

FOX ROTHSCHILD LLP

         Carolyn D. Richmond
         Seth M. Kaplan
         100 Park Avenue
         New York, New York 10017
         Telephone:  (212) 878-7900
         Facsimile:  (212) 692-0940

         *Counsel for Defendants*
         *Pier Sixty, LLC and James Kirsch*

-18-