UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CELESTE SPICER, AUTUMN BURGESS,
AMY LEDIN, JOSEPH RUSSO, ESTHER
MARTINEZ, LYSETTE ROMAN, and          Index No. 08 Civ. 10240 (LBS)
SERENA SIYING HUI, on behalf of
themselves and other similarly situated,

                    Plaintiffs,

        v.

PIER SIXTY LLC, and JAMES KIRSCH

                    Defendants.
--------------------------------------------------------x

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION

Denise A. Schulman
D. Maimon Kirschenbaum
JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM
757 Third Avenue, 25th Floor
New York, NY 10017
Tel: 212-688-5640

*Attorneys for Plaintiffs, FLSA collective members, and the Class*

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT....................................................................................................... 2

     A.    Defendants Are Barred From Asserting That The Court Overlooked Controlling Law Because They Did Not Raise This Argument In Any Of The Papers Submitted In Support Of Their Motion For Summary Judgment................................................................... 3

     B.    Defendants Have Not Identified Any Controlling Authority That The Court Overlooked 4

     C.    The Origin And Timing Of The March 11, 2010 Letter Are Irrelevant ........................... 7

     D.    The Court Has Already Considered And Rejected Defendants' Arguments Regarding Their E-Mail Communications With Customers ................................................................ 8

     E.    The Court Has Already Considered And Rejected Defendants' Arguments Concerning Their No-Tipping Policy ........................................................................................ 9

III.    CONCLUSION................................................................................................... 10

Plaintiffs Celeste Spicer, Autumn Burgess, Amy Ledin, Joseph Russo, Esther Martinez, Lysette Roman, and Serena Siying Hui, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), submit this memorandum of law in opposition to Defendants Pier Sixty, LLC and James Kirsch's (collectively, "Defendants") motion for partial reconsideration of this Court's July 26, 2010 Order ("Order").[1]

## I.   INTRODUCTION

In its Order, this Court, applying the standard set forth in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), found, *inter alia*, that the reasonable customer could have believed that Defendants' service charge for events using Form Contract 3 was a gratuity. Therefore, the Court denied Defendants' motion for summary judgment with respect to events using Form Contract 3. In so doing, the Court cited factors listed in the New York Department of Labor's ("NYDOL") March 11, 2010 opinion letter ("March 11, 2010 Letter" or "Letter"), and noted that some of these factors could have led a reasonable customer to believe that Defendants' service charge under Form Contract 3 was a gratuity that should have been distributed in full to Defendants' service staff.

Defendants now ask the Court to reconsider its Order with respect to Form Contract 3. However, Defendants are not entitled to reconsideration simply because they are dissatisfied. Reconsideration is warranted only under very limited circumstances, such as where a court has overlooked controlling law or facts or to prevent manifest injustice. None of these circumstances are present here. In seeking reconsideration, Defendants attempt to "plug the gaps" of their previous arguments and set forth a brand new argument in support of their position. Specifically, Defendants ask the Court to abandon its modest position that the factors set forth in the March

---

[1] In support of this memorandum of law, Plaintiffs submit the September 21, 2010 Declaration of Denise A. Schulman ("Schulman Decl.") and exhibits thereto.

1

11, 2010 Letter may be relevant to assessing the reasonable customer's beliefs regarding Defendants' service charge under Form Contract 3.  In doing so, Defendants advance the extreme and legally unsupportable view that the Court is *prohibited* from *agreeing* with the NYDOL.  Not only is this argument absurd on its face, but it cannot support reconsideration because Defendants failed to raise it in connection with the underlying summary judgment motion.  In addition, there is no manifest injustice in the Court's position that the totality of the circumstances should be considered in applying the reasonable customer standard.  On the contrary, a totality of the circumstances analysis is traditionally applied to "reasonable person" tests in a variety of contexts, and it is appropriate here.  Finally, Defendants' arguments regarding their e-mail communications with customers and their no tipping policy have already been considered and rejected by the Court and should not be revisited.

For the reasons set forth below, Defendants' motion should be denied.

## II.   ARGUMENT

Reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003).  Motions for reconsideration "'must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court.'" *Regent Ins. Co. v. Store King Constructing, Inc.*, No. 06 Civ. 2879, 2008 U.S. Dist. LEXIS 37189, at *3 (S.D.N.Y. May 7, 2008) (Sand, J.). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

A party making a motion for reconsideration may not "make new arguments that could have been previously advanced." *Scott v. City of New York*, No. 02 Civ. 9530, 2009 U.S. Dist. LEXIS 88169, at *3 (S.D.N.Y. Sept. 21, 2009); *see also*, *e.g.*, *Spain v. Deutsche Bank*, No. 08 Civ. 10809, 2009 U.S. Dist. LEXIS 113519, at *2 (S.D.N.Y. Dec. 7, 2009) (Sand, J.) (same); *Ballard v. Parkstone Energy, LLC*, No. 06 Civ. 13099, 2008 U.S. Dist. LEXIS 71350, at *3 (S.D.N.Y. Sept. 19, 2008) (same); *Regent Ins. Co.*, 2008 U.S. Dist. LEXIS 37189, at *4 (same). Rather, "a motion for reconsideration is appropriate only where the movant demonstrates that 'the Court has overlooked controlling decisions or factual matters that were *put before it on the underlying motion* . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (emphasis and omission in original).

Defendants argue that controlling law precludes the Court from relying on the March 11, 2010 Letter and that reliance on the Letter would be unjust because it was improperly obtained and not issued until after they moved for summary judgment. (Defs.' Recons. Mem. at 6-11.) These arguments fail because (1) they are barred from asserting the argument that the Court overlooked controlling law because they did not raise this argument in connection with their summary judgment motion; (2) in any event, the Court did not overlook any controlling law; and (3) the origin and timing of the March 11, 2010 Letter are irrelevant.

A.     **Defendants Are Barred From Asserting That The Court Overlooked Controlling Law Because They Did Not Raise This Argument In Any Of The Papers Submitted In Support Of Their Motion For Summary Judgment**

Defendants are barred from now arguing that controlling law precludes the Court from deferring to the March 11, 2010 Letter because they failed to advance this argument in connection with their summary judgment motion. *Spain*, 2009 U.S. Dist. LEXIS 113519, at *3

3

("We note at the outset that Plaintiffs did not cite *Radiation Dynamics* in their underlying brief and raise this argument for the first time in the instant motion. For this reason alone, reconsideration is not appropriate."); *see also Carolco Pictures Inc. v. Sista*, 700 F. Supp. 169, 172 (S.D.N.Y. 1988) (denying motion for reargument where movant's "motion for reargument raises a new matter that was not 'overlooked' by the court because it was never presented to the court in the first place"). Defendants had ample opportunity to raise this argument in their reply papers, at oral argument, or in their post-oral argument letter to the Court.[2] At those times, however, Defendants argued only that the March 11, 2010 Letter did not apply to them because they did not make any representations to their customers that contradicted the terms of Form Contract 3. (Defs.' Summ. J. R. Mem. at 11.) Now that the Court has rejected this argument, Defendants may not seek to "plug[] the gaps of [their] lost motion with additional matters" such as allegedly "controlling" judicial decisions that pre-dated Defendants' motion. *Parrish*, 253 F. Supp. 2d at 715 (internal quotation marks omitted).

## B. Defendants Have Not Identified Any Controlling Authority That The Court Overlooked

Defendants have not identified any controlling authority that the Court overlooked in denying their motion for summary judgment with respect to Form Contract 3. In its Order, the Court found that a host of factors, many but not all of which were listed in the March 11, 2010 Letter, could be relevant to determining whether the reasonable customer would have believed that Defendants' service charge was a gratuity. Order at 10-13. Because a rational jury could determine that these factors would lead the reasonable customer to believe that the service charge

---

[2] Defendants note that the March 11, 2010 letter was issued after they filed their motion for summary judgment, and therefore they could not address the letter in their moving papers. (Defs.' Recons. Mem. at 10 n.8.) This is irrelevant. Plaintiffs cited the March 11, 2010 letter in their opposition to Defendants' motion for summary judgment. Defendants could have but did not advance their current argument in their reply papers, which they filed on May 17, 2010.

4

was a gratuity, the Court denied summary judgment. *Id.* at 13.  The Court was clear that it was

not strictly bound by the March 11, 2010 Letter, but rather followed it because "it is both

reasonable and derived from an understanding of the 'underlying operational practices' of the

New York banquet industry."[3]  *Id.* at 11.  Indeed, the Court also noted that "we are mindful that

the March 11, 2010 NYDOL Letter suggests measures that may be prophylactic in nature and *not*

*strictly required by the reasonable customer standard in every instance*[.]"  *Id.* at 12 (emphasis

added).  Given the Court's recognition that it was not required to follow the March 11, 2010

Letter as a matter of law, Defendants in effect take the untenable position that "controlling"

authority requires the Court to disagree with the NYDOL and prohibits the Court from agreeing

with the NYDOL.

The federal decisions Defendants cite are not controlling law because (1) none of the

decisions address the relevant question of New York state law, namely, the proper deference for

a court to give a New York agency's interpretation of New York law, *see Yang v. ACBL Corp.*

427, F. Supp. 2d 327 (S.D.N.Y. 2005) (Sand, J.) (applying New York law and declining to defer

to NYDOL opinion letter interpreting a New York regulation); and (2) even if the decisions

addressed the appropriate issue, all but one of them are not binding on this Court and therefore

cannot be "controlling."  S*ee Ivan Visin Shipping, Ltd. v. Onego Shipping & Chartering B.V.*,

543 F. Supp. 2d 338, 339 (2008) (stating that controlling decisions are those of the Second

Circuit or United States Supreme Court); *U.S. Underwriters Ins. Co. v. Landau*, No. 05 Civ.

---

[3] Defendants contend that the March 11, 2010 Letter was not based on an understanding of the banquet industry's "underlying operational practices" because the NYDOL suggested that event facilities tell customers that they should leave an additional gratuity for service staff. (Defs.' Recons. Mem. at 8 n.7.)  This argument is puzzling considering that the New York State Restaurant Association, a membership organization for restaurant owners and service providers, included a similar recommendation in their draft guidelines for *World Yacht* compliance which were created prior to March 11, 2010. (Schulman Decl. Ex. 1 at 3.)  Clearly, at least some members of the banquet industry believe, independent of the NYDOL's position, that it would be appropriate under industry standards for customers to have the option to add an additional gratuity.  The fact that Defendants do not wish to do this is understandable given their representations to customers that the service charge is a gratuity.

2049, 2010 U.S. Dist. LEXIS 57462, at *13 (E.D.N.Y. June 9, 2010) (finding New York Court of Appeals decision controlling law on question of state law).  (*See also* Defs.' Recons. Mem. at 6-7 (citing *New York v. Shalala*, 119 F.3d 175 (2d Cir. 1997) (evaluating the proper deference to give a federal agency's interpretation of a federal judicial decision); *Akins v. Fed. Election Comm'n*, 101 F.3d 731 (D.C. Cir. 1996) (same); *Yesil v. Reno*, 973 F. Supp. 372 (S.D.N.Y. 1997) (same); *Mojica v. Navas*, 970 F. Supp. 130 (E.D.N.Y. 1997) (same).)

The only case applying New York law that Defendants cite, *Toys "R" Us v. Silva*, 89 N.Y.2d 411 (1996), is also inapposite because it involves the question of proper deference to give a state agency's interpretation of a statute, not of a judicial opinion like *World Yacht*.  In addition, the March 11, 2010 Letter does not constitute pure legal analysis.  Rather, it addresses the factual question of when a reasonable customer would believe that a charge is a gratuity.

The position taken by the Court in its Order and the NYDOL in the March 11, 2010 Letter that the totality of the circumstances should be considered in determining whether a reasonable customer would believe a charge is a gratuity is consistent with the approach to applying a reasonable person standard in a wide range of cases. *E.g., Pa. State Police v. Suders*, 542 U.S. 129 (2004) (considering totality of the circumstance in constructive discharge case); *Florida v. Bostick*, 501 U.S. 429 (1991) (considering totality of the circumstances in determining whether a Fourth Amendment seizure occurred); *Mormol v. Costco Wholesale Corp.*, 364 F.3d 54 (2d Cir. 2004) (considering totality of the circumstances in determining whether there was an objectively hostile work environment); *United States v. Badmus*, 325 F.3d 133 (2d Cir. 2003) (considering totality of the circumstances in determining whether a suspect was in state custody); *Hartman v. County of Nassau*, 2008 U.S. Dist. LEXIS 34729 (S.D.N.Y. Apr. 28, 2008) (considering totality of the circumstances in determining whether there was probable cause). *See*

*also* Order at 11 ("[I]t is neither irrational nor unreasonable to maintain that a reasonable customer's beliefs regarding the nature of a mandatory service fee would be influenced by the totality of the banquet company's representations and the surrounding circumstances.").

Defendants have not proposed any alternative standard for assessing the belief of the reasonable customer.  Instead, Defendants ask this Court to reject well-established principles regarding a reasonable person standard simply because that standard was advocated by the NYDOL.  However, the March 11, 2010 Letter is not inconsistent with N.Y. Lab. Law § 196-d, *World Yacht*, or any other authority interpreting *World Yacht*.  Moreover, given how the reasonable person standard has traditionally been applied, the Court would likely have adopted the same approach it took in the Order even if the March 11, 2010 Letter did not exist.  Therefore, Defendants' motion should be denied.

**C.      The Origin And Timing Of The March 11, 2010 Letter Are Irrelevant**

Defendants' next argument is that the Court should reconsider its Order because the March 11, 2010 Letter was improperly obtained.  (Defs.' Recons. Mem. at 8.)  This argument is wrong for several reasons.  First, even if the Letter were improperly obtained, that would not bar the Court from agreeing with the substance of the Letter.  (*See supra* Section II.B.)  Second, the NYDOL has expressly stated that it "has no objection" to the use of the March 11, 2010 Letter in connection with the *Reilly v. Richmond County Country Club* litigation, noting that it "recognize[d] the authority of the Court to determining the relevance, materiality, and weight the letter should be accorded[.]" Sept. 13, 2010 NYDOL Letter.[4]  Clearly, the NYDOL stands behind the position it took in the March 11, 2010 Letter.  Third, Defendants cite no authority saying that the March 11, 2010 Letter is void on its face and should not apply here.  Defendants certainly cannot glean this from the Second Department's two sentence-long opinion in *Reilly v.*

---

[4] The Sept. 13, 2010 NYDOL Letter is attached hereto as Schulman Decl. Ex. 2.

*Richmond County Country Club.* (Richmond Decl. in Supp. of Recons. Ex. A.) Finally, the

March 11, 2010 Letter merely restated and elaborated on the standard previously set forth by the

NYDOL in a February 27, 2009 opinion letter. Feb. 27, 2009 NYDOL Letter.[5] The NYDOL

issued the February 27, 2009 letter in response to letters from the New York State Restaurant

Association ("NYSRA") seeking the NYDOL's approval of certain guidelines it wished to give

its members regarding *World Yacht* compliance. *Id.* Defendants likely had knowledge of the

February 27, 2009 letter before filing their motion for summary judgment, as Defendants'

counsel are labor counsel to the Greater New York City Chapters of the NYSRA. June 3, 2009

Letter from Carolyn D. Richmond to Jean Lindholm, NYDOL, at 1.[6] Accordingly, Defendants'

contention that it would be manifestly unjust to rely on the March 11, 2010 Letter because it was

not issued until after they moved for summary judgment is ludicrous. There is no injustice in

applying the reasonable standard set forth in the March 11, 2010 Letter to Defendants' actions.[7]

**D.      The Court Has Already Considered And Rejected Defendants'
Arguments Regarding Their E-Mail Communications With Customers**

The Court has already considered and rejected Defendants' argument that e-mail

communications between Defendants and their customers could not contribute to a reasonable

customer's belief that Defendants' service charge was a gratuity. Order at 13. Accordingly, this

argument cannot be a ground for reconsideration. *Regent Ins. Co.*, 2006 U.S. Dist. LEXIS

37189, at *4 ("A motion for reconsideration is . . . [not] an argument for repeating old arguments

---

[5] The Feb. 27, 2009 NYDOL Letter is attached hereto as Schulman Decl. Ex. 1.
[6] The June 3, 2009 Letter from Carolyn D. Richmond is attached hereto as Schulman Decl. Ex. 3 and was previously submitted to this Court by Defendants as Exhibit L to the Declaration of Douglas L. Flaum in support of Defendants' motion to certify the July 26, 2010 Order for interlocutory appeal.
[7] Defendants' implicit position that contractual language stating that a service charge is not a gratuity is sufficient to comply with *World Yacht*, regardless of any other circumstances, would lead to unjust results. For example, under that standard employers would be free to include such a disclaimer and keep all moneys collected as a service charge even if they explicitly tell customers that the service charge is, nonetheless, a gratuity. Similarly, employers could meet their obligations under *World Yacht* by including a disclaimer on their contracts in a font size too small for most people to read. This cannot be what the *World Yacht* court intended when it set forth the reasonable patron standard.

previously rejected[.]") (internal quotation marks omitted).  In denying summary judgment, the

Court found that Defendants' e-mails "*could* be viewed by a reasonable jury to have led

reasonable patrons to believe that the entire service charge was a gratuity." Order at 13

(emphasis added).  Defendants are free to argue to a jury that the e-mails support their position

rather than Plaintiffs'.  However, they cannot show – as they must to win summary judgment –

that the inferences they draw from the e-mails are the only possible inferences a rational jury

could draw. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) ("In

ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit

all factual inferences that could rationally be drawn, in favor of the party opposing summary

judgment and determine whether there is a genuine dispute as to a material fact, raising an issue

for trial.") (internal quotation marks omitted).  Accordingly, the Court "overlooked" nothing

regarding the e-mails in question, and reconsideration is inappropriate. *See Range Rd. Music,*

*Inc.*, 90 F. Supp. 2d at 392 ("The Court did not 'overlook' plaintiffs' arguments, affidavits or

exhibits.  Simply put, the Court rejected plaintiffs' construction of the relevant documents and

the significance of the plaintiffs' affidavits and exhibits.  That plaintiffs are unhappy with the

Court's decision to deny their motion for summary judgment affords no basis to support a

motion for reconsideration.")

### E.    The Court Has Already Considered And Rejected Defendants' Arguments Concerning Their No-Tipping Policy

In their moving brief on their motion for summary judgment, Defendants made the exact

same argument regarding Defendants' no-tipping policy as they make now.  Specifically,

Defendants argue that their no-tipping policy applied only to guests, and not to hosts, and

therefore it should not be a factor in determining the reasonable customer's understanding of the

service charge. (Defs.' Summ. J. Mem. at 15-16; Defs.' Recons. Mem. at 12.)  The Court has

already considered and rejected this argument, finding that the no-tipping policy is relevant to determining the reasonable customer's beliefs.[8]  Order at 13.  That the Court disagreed with Defendants' position does not mean that it "overlooked" any facts.  It merely recognized that there are genuine issues of fact that render summary judgment inappropriate.  Therefore, the Court's consideration of Defendants' no-tipping policy does not justify reconsideration.

## III.  CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.


Dated:  September 21, 2010
        New York, New York


By:  /s/ Denise A. Schulman
     Denise A. Schulman (DS-8066)
     D. Maimon Kirschenbaum (DK-2448)

     JOSEPH, HERZFELD, HESTER &
     KIRSCHENBAUM
     757 Third Avenue
     25th Floor
     New York, NY 10017
     212-688-5640

     *Attorneys for Plaintiffs, FLSA collective members, and the Class*

---

[8] Contrary to Defendants' assertion, it is not "undisputed" that their no-tipping policy applied to guests only, and not to hosts. (Defs.' Recons. Mem. at 12.)  Plaintiffs have always maintained that the no-tipping policy applied to both guests and hosts and was communicated to hosts. (Pls.' Summ. J. Opp. Mem. at 14-16.)

10