USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/14/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CELESTE SPICER *on behalf of herself and others similarly situated* et al.,

                        Plaintiffs,

        -v-

PIER SIXTY LLC et al.,

                        Defendants.

------------------------------------------------------------X

08 Civ. 10240 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On July 22, 2008, Plaintiffs Isaac Conner and Carol McKinney (collectively, the "Conner Plaintiffs") filed their putative class action complaint (the "Conner Action") in New York Supreme Court alleging that Defendants Pier Sixty LLC, Abigail Kirsch, AK Pier Sixty LLC, and Gotham Personnel LLC ("Gotham") violated N.Y. Lab. L. § 196-d by retaining gratuities that belonged to temporary servers who worked at Pier Sixty. The Conner Plaintiffs replaced Defendant Abigail Kirsch with Defendant James Kirsch on October 2, 2009.

Defendants Pier Sixty LLC, Abigail Kirsch, and AK Pier Sixty LLC filed a motion to dismiss, which the Court denied on January 12, 2009. Defendants Pier Sixty LLC, James Kirsch, and AK Pier Sixty LLC subsequently filed a motion for summary judgment which was denied with respect to Pier Sixty LLC and granted with respect to James Kirsch and AK Pier Sixty LLC on September 30, 2010. The Conner Plaintiffs' motion for class certification was pending when the parties settled the case. On March 20, 2012, the Conner Action was dismissed without prejudice to facilitate settlement approval by this Court.

1

On November 25, 2008, Plaintiffs Celeste Spicer, Autumn Burgess, Amy Ledin, Joseph Russo, Esther Martinez, Lysette Roman, and Serena Siying Hui (collectively, the "Spicer Plaintiffs") filed the instant action (the "Spicer Action") alleging that Defendants Pier Sixty LLC and Abigail Kirsch violated N.Y. Lab. L. § 196-d by retaining gratuities that belonged to Pier Sixty's servers and failed to properly compensate servers for overtime in violation of the Fair Labor Standards Act ("FLSA"). The Spicer Plaintiffs subsequently replaced Defendant Abigail Kirsch with Defendant James Kirsch (Defendants Pier Sixty LLC and James Kirsch are hereafter referred to collectively as the "Pier Sixty Defendants").

On July 27, 2010 the Court granted the Spicer Plaintiffs' motion for class and collective certification pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) and granted in part and denied in part the Pier Sixty Defendants' motion for summary judgment. The Pier Sixty Defendants then filed motions for reconsideration and interlocutory appeal of the summary judgment order, both of which were denied. The Court granted the Spicer Plaintiffs' motion to amend the complaint on February 7, 2011. On May 24, 2011, Judge Sand recused himself from the Spicer Action. In July 2011, the Pier Sixty Defendants moved for vacatur of all of Judge Sand's prior orders in this action, which motion was dismissed without prejudice after briefing was complete. The Pier Sixty Defendants moved for partial summary judgment and decertification on November 9, 2011, which motions were withdrawn without prejudice in light of the parties' settlement.

In the more than four years since the Conner Action was filed, the parties have engaged in extensive discovery and litigation, including 28 depositions, the exchange of tens of thousands of documents, and fully briefing nine motions, including two summary judgment motions.

The parties engaged in extensive settlement negotiations, including participating in two settlement conferences before Magistrate Judge Frank Maas and two mediation sessions with the Hon. Stephen Crane and holding numerous telephonic and in-person meetings between counsel. In November 2011, after a second settlement conference with Magistrate Judge Maas, the parties settled the Spicer and Conner Actions by accepting Magistrate Judge Maas's "mediator's proposal" of $8,500,000. In February of this year, the parties entered into a settlement agreement (the "Settlement Agreement") which provided a fund of $8,500,000 in order to resolve the claims in this matter.

On April 25, 2012, the Court entered an Order ("Preliminary Approval Order") preliminarily approving the Settlement, ordering Plaintiffs to file their Third Amended Complaint adding the Conner Class's claims to the Spicer Action, preliminarily certifying the Conner Class, authorizing dissemination of notice (the "Mailing Notice") to all Spicer and Conner Class Members with last-known addresses, and ordering the publication of notice (the "Publication of Notice"). The Mailing Notice described (1) the terms of the settlement; (2) the relief available to Class Members; (3) the date, time, and place of the Fairness Hearing; (4) the procedures for objecting to the settlement and appearing at the Fairness Hearing; (5) that Plaintiffs would seek service awards; (6) the attorneys' fees sought; and (7) contact information for Class Counsel. The Publication Notice stated (1) that a settlement had been reached; (2) the nature of Plaintiffs' claims; and (3) the binding nature of the settlement and described how a Class Member could opt out of the settlement or contact Class Counsel.

Pursuant to the Court's Preliminary Approval Order, Plaintiffs filed a Third Amended Complaint in the Spicer Action on April 26, 2012.

3

Two Class Members opted out of the settlement, and four Class Members objected to the settlement. The State of Texas also objected to the settlement.

Pursuant to the Preliminary Approval Order, Plaintiffs filed their Motion for Final Approval and, by letter brief, their application for service awards.

The Court held a final fairness hearing on September 14, 2012 (the "Fairness Hearing"). No objections to the settlement, other than those already submitted in writing, were raised. After hearing brief statements from the parties, the Court read its decision from the bench. In that decision, the Court set forth its reasons for approving the settlement, and for awarding the attorney's fees, costs, service awards, and claims administrator's fees that are described below. That decision is incorporated by reference in this order.

Having considered the Motion for Final Approval, the supporting memorandum of law, the Declaration of Denise A. Schulman and exhibits thereto; the Declaration of Jenny Cudworth and exhibits thereto; Plaintiffs' application for service awards; the oral arguments presented at the Fairness Hearing; and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. This Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)).

4

3.  The $8,500,000.00 settlement amount is substantial and includes meaningful payments to Class Members. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated. It was the result of vigorous arm's-length negotiations, which were undertaken in good faith by counsel with extensive experience in litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).

4.  The Parties' judgment that the settlement is fair and reasonable, as well as the Class's favorable response to the settlement, weigh in favor of final approval of the settlement.

5.  The Settlement shall be effective 30 days after entry of this Order if no appeal is taken of this Order. If an appeal is taken in this matter, the effective date shall be the date the Court enters a final order and judgment after resolving any appeals.

6.  The Court also approves the FLSA settlement and finds that it is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1981).

7.  Upon the effective date of the settlement, each Spicer and Conner Class Member shall have released all claims arising under the New York Labor Law, New York Code of Rules and Regulations, and any New York State Wage Order against the Pier Sixty Releasees relating to work performed at or for Pier Sixty that arose up to April 25, 2012.

8.  Upon the effective date of the settlement, each FLSA Opt-In Plaintiff shall have released all FLSA claims against the Pier Sixty Releasees and Gotham Releasees relating to work performed at or for Pier Sixty that arose up to April 25, 2012.

9. Upon the effective date of the settlement, each Conner Class Member shall have released all claims arising under the New York Labor Law, New York Code of Rules and Regulations, and any New York State Wage Order against the Gotham Releasees relating to work performed at or for Pier Sixty that arose up to April 25, 2012.

10. This Court awards Class Counsel $31,289.10 for costs and expenses incurred in this litigation to be paid from the settlement fund.

11. This Court awards Class Counsel one-third of the settlement amount, less all approved costs and service awards, or $2,786,236.97, as attorneys' fees to be paid from the settlement fund.

12. The Court finds that the amount of fees requested is fair and reasonable using the "percentage of recovery" method, which is consistent with the trend in the Second Circuit. *Duchene v. Michael Cetta, Inc.*, No. 06-cv-4576, 2009 U.S. Dist. LEXIS 85955, at *8-9 (S.D.N.Y. Sept. 10, 2009); *see also Hicks v. Morgan Stanley & Co.*, No. 01-cv-10071, 2005 U.S. Dist. LEXIS 24890, at *22 (S.D.N.Y. Oct. 24, 2005) (same).

13. Class Counsel's request for one-third of the settlement fund is also consistent with the trend in this Circuit. *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, No. 06-cv-4270, 2009 U.S. Dist. LEXIS 27899, at *16 (S.D.N.Y. Mar. 31, 2009) (collecting cases).

14. The attorneys' fees requested were entirely contingent upon success in this litigation. Class Counsel expended significant time and effort and advanced costs and expenses without any guarantee of compensation.

15. The attorneys' fees requested are also reasonable in relation to Class Counsel's lodestar. Class Counsel expended over 2,208.2 attorney hours and 392.1 paralegal hours on this case. Counsel's billing rates are reasonable and, when multiplied by their hours worked amounts

6

to a lodestar of $828,698.75. The attorneys' fees awarded are a 3.36 multiplier of the lodestar, which is well within the range of reasonableness. *See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 123 (2d Cir. 2005); *Agofonova v. Nobu Corp.*, 07-cv-6926, at 6 (S.D.N.Y. Feb. 6, 2009) (stating that "the award of one-third the gross fund value is a 4.34 lodestar multiplier and is perfectly within the range that is acceptable"); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008) ("In contingent litigation, lodestar multiples of over 4 are routinely awarded by courts[.]"); *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05-cv-10240, 2007 U.S. Dist. LEXIS 57918, at *56 n.7 (S.D.N.Y. July 27, 2007) ("Lodestar multipliers of nearly 5 have been deemed "common" by courts in this District.").

16. This Court awards the Claims Administrator its reasonable fees, up to $41,500, subject to Class Counsel's review of the Claims Administrator's invoices, in administering this settlement, to be paid out from the settlement fund.

17. This Court approves the following Service Awards, to be paid from the settlement fund: $20,000 for each of Plaintiffs Isaac Conner, Jr. and Carol McKinney; $10,000 for each of Plaintiffs Celeste Spicer, Autumn Burgess, Amy Ledin, Joseph Russo, Esther Martinez, Lysette Roman, and Serena Siying Hui. The nine Service Awards total $110,000. These Service Awards are reasonable in light of the efforts these individuals expended in furthering the interests of the Class, the total recovery for the Class, and the risk of retaliation Plaintiffs faced by leading the Spicer and Conner Actions.

18. The entire Litigation is dismissed with prejudice and without costs to any party. All Class Members, except those individuals who timely and validly opted-out of the Settlement, are barred and permanently enjoined from participating in any other individual or class lawsuit against the Releasees concerning the Released Claims.

19. Without affecting the finality of this Judgment and Order, the Court reserves continuing and exclusive jurisdiction over parties to the settlement agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

20. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order be, and hereby is, entered as a final order.

The Clerk of Court is directed to terminate the motion at docket number 276, and to close the case.

**SO ORDERED**

*Paul A. Engelmayer*
———————————————
Hon. Paul A. Engelmayer
United States District Judge

Dated: September 14, 2012
       New York, New York